# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-0150V
Filed: May 7, 2018
UNPUBLISHED

| | |
|---|---|
| JOHN HOPPER,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Anne Carrion Toale*, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.
*Sarah Christina Duncan*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On January 31, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a left shoulder injury caused by his September 28, 2015 influenza ("flu") vaccination. Petition at 1. On October 25, 2017, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. (ECF No. 28).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On March 5, 2018, petitioner filed an unopposed motion for attorneys' fees and costs. (ECF No. 34).[3] Petitioner requested attorneys' fees in the amount of $11,170.80 and attorneys' costs in the amount of $955.24. *Id.* at 1. In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. *Id.* at 1. Thus, the total amount requested is $12,126.04.

A decision was originally issued on March 23, 2018. (ECF No. 35). Petitioner filed a motion for reconsideration of attorney's fees and costs on April 12, 2018. (ECF No. 36). The undersigned withdrew the original decision on April 16, 2018,[4] and ordered respondent to file his response, if any, by April 27, 2018. (ECF No. 37.) Respondent did not file a response.

In petitioner's motion, he requests a rate of $402 per hour for time accrued in 2018 by Anne Carrion Toale. Petitioner's motion is persuasive given the facts and circumstances of this case, and the reasons set forth in petitioner's Motion for Reconsideration. In particular, due to petitioner's counsel's experience in the vaccine program, overall legal experience, quality of work, and reputation of in the legal community and the community at large, the undersigned finds the rate of $402 per hour for time accrued by Anne Carrion Toale in 2018 reasonable. The hourly rate for attorney Amber Wilson remains at the previously awarded rate of $290 per hour for work performed in 2017, reducing the request for fees by $7.20.

**Accordingly, the undersigned awards the total of $12,118.84[5] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Anne Carrion Toale. Petitioner request payment be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota Florida 34236.**

---

[3] The motion was filed as an unopposed motion and specifically states that respondent has no objection to petitioner's request. (ECF No. 34 at 1).

[4] Although not specifically stated the undersigned's April 17, 2018 order granted petitioner's motion for reconsideration based upon the applicable legal standard, "in the interest of justice". *See Shaw v. Secretary of Health and Human Services,* 91 Fed. Cl. 715, 720 (Fed.Cl.2010); *Krakow v. Sec'y of Health and Human Services,* No. 03-0632V 2010 WL 5572974, at *5 (Fed. Cl. Spec. Mstr. Nov 12, 2010).

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

      **s/Nora Beth Dorsey**
      Nora Beth Dorsey
      Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.